PER CURIAM:
Claimant brought this action for damages to his 1997 Ford Escort which *124 occurred when he was driving his vehicle on Route 55 from Moorefield to Baker in Hardy County and his vehicle struck a rock in the road. Respondent was at all times herein responsible for the maintenance of Route 55. The Court is of the opinion to deny this claim for the reasons set forth herein below.
On July 21, 2002, claimant and his wife were on their way to church at about 8:30 a.m. with claimant driving his vehicle at approximately thirty-five to forty miles an hour when he observed a rock in his lane of travel. He was proceeding around a curve when this incident occurred. He estimated that he was fifteen feet from the rock when he first saw it; that the rock was ten to twelve inches in diameter; and that “it was jagged.” Since he is the pastor at the church not far from the scene of the accident, he drives this stretch of highway frequently. He had noticed rocks at the side of the road in the area where his accident occurred on prior occasions, but there were not any rocks in the travel portion of the Route 55. As a result of this incident, claimant’s vehicle sustained damage to the converter which was repaired at a cost of $534.92.
Larry O. Funk, respondent’s Supervisor for Hardy County, testified that he is familiar with Route 55 whichhe described as a two-lane asphalt road with shoulders three to five feet wide in most places. At the area of claimant’s accident, there is a shale bank twenty to thirty feet high, but the area is not considered an area prone to having rock falls. There are no warning signs in the area. The hillside is sloped and it is covered with trees and brush. There are curves that have rocky areas adjacent to the road and rocks can fall into the road especially after rain.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept, of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highhways, 16 Ct. Cl. 8(1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985); Hammond v. Dept. of Highhway, 11 Ct 24
In the present claim, claimant failed to establish that respondent failed to take adequate measures to protect the safety of the traveling public on Route 55 in Hardy County. Claimant had not seen rocks in the road at the location of his accident on other occasions and he is a frequent traveler on Route 55. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.